UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
AT LAW AND IN ADMIRALTY

---

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                              Case No.

APPROXIMATELY $4,220.00 IN UNITED
STATES CURRENCY,

    Defendant.

---

## VERIFIED COMPLAINT FOR CIVIL FORFEITURE IN REM

---

The United States of America, by its attorneys, Richard G. Frohling, Acting United States Attorney for the Eastern District of Wisconsin, and Lisa T. Warwick, Assistant United States Attorney for this district, alleges the following in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### Nature of the Action

1. This is a civil action to forfeit property to the United States of America, under 21 U.S.C. § 881(a)(6), for violations of 21 U.S.C. § 841(a)(1).

### The Defendant In Rem

2. The defendant property, approximately $4,220.00 in United States currency, was seized on or about September 9, 2020, from Jeramie Lewis and Jasmine Weary at 3XXX North Holton Street, #XXX, Milwaukee, Wisconsin.

3. The defendant property is presently in the custody of the United States Marshal Service in Milwaukee, Wisconsin.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

5. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b).

6. Venue is proper in this district under 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

## Basis for Forfeiture

7. The defendant property, approximately $4,220.00 in United States currency, is subject to forfeiture to the United States of America under 21 U.S.C. § 881(a)(6) because it was used or intended to be used in exchange for controlled substances, represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of 21 U.S.C. § 841(a)(1).

## Facts

8. Heroin is a Schedule I controlled substance under 21 U.S.C. § 812.

9. Fentanyl is a Schedule II controlled substance under 21 U.S.C. § 812.

10. Cocaine is a Schedule II controlled substance under 21 U.S.C. § 812.

11. Jeramie Lewis is a convicted felon.

12. As a convicted felon, Jeramie Lewis is prohibited from possessing a firearm.

### Undercover controlled buys of heroine/fentanyl from Jeramie Lewis

13. In July 2020, officers were investigating the heroin/fentanyl and crack cocaine drug trafficking of Jeramie Lewis and other members of Lewis's drug trafficking organization ("DTO").

14. An undercover officer (the "UC") made multiple purchases of heroin/fentanyl and crack cocaine from the DTO, and specifically from Jeramie Lewis, including the following:

- A. On August 3, 2020, the UC conducted a video recorded controlled buy of 0.73 grams of suspected heroin that tested positive for fentanyl and 0.92 grams of cocaine for $200 from Jeramie Lewis at a meet location.

    i. The drug transaction took place near 4903 N. 19th Street in Milwaukee.

    ii. The UC walked up to the driver's side door of Lewis's vehicle. Lewis was the driver, and an individual having the initials P.H. was the only passenger.

    iii. Through the open driver's window, the UC handed $200 to Lewis with UC's right hand, and Lewis handed the heroin/fentanyl and cocaine to UC, placing the drugs into UC's left hand.

- B. On August 10, 2020, the UC conducted a video recorded controlled buy of 1.68 grams of heroin/fentanyl for $200 from Jeramie Lewis at a meet location.

    i. The drug transaction took place near 3349 N. Holton Street in Milwaukee.

    ii. The UC walked up to the passenger side of Lewis's vehicle. Lewis was the driver and only occupant.

    iii. The UC reached inside the window of Lewis's vehicle and handed $200 to Lewis, and Lewis handed the heroin/fentanyl to the UC.

- C. On August 17, 2020, the UC conducted a video recorded controlled buy of 1.77 grams of heroin/fentanyl for $200 from Jeramie Lewis at a meet location.

    i. The drug transaction took place near 3925 N. 53rd Street in Milwaukee.

    ii. The UC walked up to the driver's window of Lewis's vehicle. Lewis was the driver, and an individual having the initials T.M. was the only passenger.

    iii. Through the open driver's window, Lewis asked the UC how much UC wanted. The UC told Lewis that UC had $200.

        iv.      Lewis pulled out a baggie with several large pieces of suspected heroin.

        v.      Lewis placed a small digital scale on the center console, reached inside the baggie, grabbed a few pieces of the heroin, and placed them on the digital scale.

        vi.      Lewis took the heroin off the digital scale and placed the heroin into a new baggie for the UC.

        vii.      The UC handed $200 to Lewis, and Lewis handed the baggie containing heroin/fentanyl to the UC.

D.      On August 26, 2020, the UC conducted a video recorded controlled buy of 1.77 grams of heroin/fentanyl for $200 from Jeramie Lewis at a meet location.

        i.      The drug transaction took place in an alley between N. 33rd Street and N. 32nd Street in Milwaukee.

        ii.      The UC walked up to the open driver's window of Lewis's vehicle. Lewis was the driver, and P.H. was the only passenger.

        iii.      Lewis reached into a baggie, broke off a few pieces of heroin and placed them on a digital scale, which was on the center console.

        iv.      Lewis took the heroin off the digital scale and placed the heroin in a receipt that Lewis grabbed from the floorboard of his car.

        v.      The UC handed $200 to Lewis, and Lewis handed the heroin/fentanyl to the UC.

**September 9, 2020 execution of search warrant at Jeramie Lewis and P.H.'s residence**

15.      On September 9, 2020, officers executed a search warrant at the residence of Jeramie Lewis and an individual having the initials P.H., 3XXX N. 84th Street, Milwaukee, Wisconsin (the "84th Street residence").

16.      P.H. and four minor children were present during execution of the search warrant at the 84th Street residence.

17. On September 9, 2020, the following items, among other things, were inside the master bedroom of the 84th Street residence, which bedroom contained personal belongings of Jeramie Lewis and P.H.:

    A. A total of approximately 42.81 grams of heroin/fentanyl.

    B. A total of approximately 103.29 grams of cocaine.

    C. A loaded semi-automatic handgun.

    D. A digital scale.

    E. A box of baggies.

### September 9, 2020 recorded Mirandized statement of P.H.

18. On September 9, 2020, officers conducted an audio and video recorded interview of P.H. (the "Interview").

19. Prior to conducting the Interview, an officer read P.H. her Constitutional Miranda Rights. P.H. stated that she understood each of her rights and was willing to speak with officers.

20. During the Interview, P.H. admitted, among other things, the following:

    A. P.H. moved to the 84th Street residence in August 2020.

    B. Jeramie Lewis is P.H.'s live-in boyfriend.

    C. The handgun found at the 84th Street residence belongs to Jeramie Lewis.

    D. In 2016-2017, police officer found Jeramie Lewis's drugs at her house, which was a different location at that time.

    E. P.H. was present during some of Jeramie Lewis's drug transactions.

    F. Jeramie Lewis had not worked in months.

    G. Jeramie Lewis sold drugs for a living.

    H. Jeramie Lewis made about $1,000 per day selling drugs.

I.   Jeramie Lewis does not tell P.H. everything. Rather, Lewis sees another female named Jasmine, and Lewis may trust Jasmine more with information on Lewis's drug trafficking business.

**September 9, 2020 consent search at a residence associated with Jeramie Lewis**

21.   On September 9, 2020, officers went to another residence associated with Jeramie Lewis, 3XXX N. Holton Street, Apt. #XXX, Milwaukee, Wisconsin (the "Holton Street residence").

22.   When officers arrived at the Holton Street residence, Jasmine Weary answered the door and allowed officers to enter the residence.

23.   Jasmine Weary told officers that Jeramie Lewis was in the bathroom.

24.   Officers found Jeramie Lewis in the bathroom and arrested him.

25.   Jasmine Weary gave officers verbal consent to search the Holton Street residence.

26.   On September 9, 2020, the following items, among other things, were inside the Holton Street residence:

   A.   A cell phone was inside a cabinet underneath the sink in the bathroom where officers found Jeramie Lewis.

   B.   A flip phone was in the living room on a windowsill.

   C.   Approximately $4,220.00 in United States currency was on the living room floor.

27.   Denominations of the approximately $4,220.00 were 8-$100 bills, 5-$50 bills, 146-$20 bills, 13-$10 bills, 16-$5 bills, and 40-$1 bills.

**September 9, 2020 interview of Jasmine Weary**

28.   On September 9, 2020, officers spoke with Jasmine Weary.

29.   Jasmine Weary stated that Jeramie Lewis came over to the Holton Street residence the prior evening.

6

30. Jasmine Weary denied ownership of the two phones found at the Holton Street residence.

31. Jasmine Weary denied ownership of the currency found at the Holton Street residence.

### Jeramie Lewis's State Drug Charges

32. On September 26, 2020, Jeramie Lewis was charged in Milwaukee County Circuit Court, Case No. 20CF3409, with the following:

    A. Four counts of manufacture/deliver Schedule I and II narcotics,

    B. Two counts of manufacture/deliver heroin,

    C. Manufacture/deliver cocaine,

    D. Possession of narcotics with intent to deliver,

    E. Possession of cocaine with intent to deliver, and

    F. Possession of a firearm by a convicted felon.

### Warrant for Arrest In Rem

33. Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the defendant property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

### Claims for Relief

34. The plaintiff alleges and incorporates by reference the paragraphs above.

35. By the foregoing and other acts, the defendant property, approximately $4,220.00 in United States currency, was used or intended to be used in exchange for controlled substances, represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of 21 U.S.C. § 841(a)(1).

36. The defendant approximately $4,220.00 in United States currency is therefore subject to forfeiture to the United States of America under 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that a warrant of arrest for the defendant property, approximately $4,220.00 in United States currency, be issued; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that judgment declare the defendant property to be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and equitable, together with the costs and disbursements of this action.

Dated at Milwaukee, Wisconsin, this 1st day of March, 2021.

        Respectfully submitted,

        RICHARD G. FROHLING
        Acting United States Attorney

By:   /s/ Lisa T. Warwick
       LISA T. WARWICK
       Assistant United States Attorney
       Wisconsin Bar No. 1017754
       Attorney for Plaintiff
       Office of the United States Attorney
       Federal Building, Room 530
       517 East Wisconsin Avenue
       Milwaukee, WI 53202
       Telephone: (414) 297-1700
       Fax: (414) 297-4394
       lisa.warwick@usdoj.gov

## Verification

I, Jeffrey R. Milam, hereby verify and declare under penalty of perjury that I am a Special Agent with the Drug Enforcement Administration ("DEA") in Milwaukee, that I have read the foregoing Verified Complaint for Civil Forfeiture *in rem* and know the contents thereof, and that the factual matters contained in paragraphs 8 through 31 of the Verified Complaint are true to my own knowledge.

The sources of my knowledge and information are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent with DEA.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Date: 02-26-2021   s/ SA JEFFREY R. MILAM
　　　　　　　　　　　　　　　　　　　　Jeffrey R. Milam
　　　　　　　　　　　　　　　　　　　　Special Agent
　　　　　　　　　　　　　　　　　　　　Drug Enforcement Administration